Withers, J.
delivered the opinion of the Court,
, In the first of these cases no doubt is entertained that I the defendant has incurred a personal liability, for the le- | gal import of the covenant by which he bound Augustus, | the servant of W. A. Alston, to Rantin, attaches the obligations of that instrument to the defendant personally, in as 'much as he contracts in the name of “Alexander Robertson, agent of William A. Alston.” There is no question made upon that, but the defendant has demurred because an insufficient breach has been assigned. That breach is set forth thus by the plaintiff: “That the negro slave, named Augustus, was unlawfully taken, removed, and withdrawn, *371 from the custody and service of the said plaintiff, by the said W. A. Alston,” on a1 day stated. Is this a breach in contemplation of law, of Robertson’s covenant, that he “hath put ” (Augustus) “an apprentice unto Alexander Rantin, from the date hereof for and during and unto the end and term of eight years next ensuing, during all which term, the said apprentice his said master faithfully shall serve,” dfcc. It is to be observed that the act by which the plaintiff ailedges he has been dispossessed is stated to have been unlawful. It was therefore a trespass. Now a covenant for quiet enjoyment does not .stipulate against the unlawful act of another in disturbing it. It is enough if the breach be assigned in words which contain the sense and substance of the covenant, as that the defendant warranted the debt of A. and the breach be that he did not pay, for that is the sense of the promise; or if the covenant be that plaintiff and his wife should enjoy, and the breach, that the husband was ousted, for he had the entire possession; and so of matty like instances. But it cannot-be the sense of a warrantry, or covenant for quiet enjoyment, any more in such a case as this than in regard to really, that a breach shall arise from a trespass by any one.
The rule is that a breach is bad if it do not show an interruption by title. Many instances, fully illustrative of the doctrine, may be found collected in the treaties of Mansel on Demurrer, at marginal pages, 49-50.
There seems little force in the idea that the terms of the covenant “his servant Augustus” recognize the property of the apprentice to have been in W. A. Alston, who has dispossessed the plaintiff. There might have been something in this view, if the instrument sued upon had been a covenant against the act of this particular person.- There is no ground, however, to hold the stipulation otherwise than general, and the word “ unlawful” leaves no room to infer that the disturbance of possession was otherwise than tortious.
We are then conducted to the conclusion that there was no sufficient breach alledged, and hence that the demurrer was properly sustained.
*372 The other case between the same parties, also comes up upon demurrer. The instrument declared upon was likewise an indenture of apprenticeship, stipulating thus: “That William A. Alston, by his attorney Alexander Robertson, hath put his negro slave, Lewis, as an apprentice to Alexander Rantin” (fee., signed, “Alexander Robertson [L. S.J Agent of W. A. Alston.” The demurrer brought up the question whether this was the deed of Robertson or of Alston. The Circuit Judge held the instrument to be the deed of Alston, and we think he was correct. For this judgment the case of Varnum, Fuller & Co. v. Evans, (2 McM. p. 409) is authority enough. In words the covenant before us purports to be that of Alston. The only question suggested is, whether the point can be presented upon demurrer, or should become an enquiry of fact before the jury. No reason occurs to me to show that the question might not arise in either way; it would seem necessarily to present an issue for the jury where the plaintiff attempting to enforce such a contract as that now before us, alledges in his declaration, that notwithstanding its legal import, yet that the defendant had not authority to bind the person mentioned as principal, or had exceeded his authority. If such allegation had been made in the present case, the defendant would have been driven, 1 suppose, to the jury. — ■ But the case is presumed to stand thus: The plaintiff declares on a paper, purporting to be the contract of Alston, as the act and deed of Robertson. He assigns no reason why its legal operation is different from that which appears upon its face. Priffia facie, therefore, it was Alston’s deed and not the defendant’s; and why should not this be cause of demurrer? It maybe taken as a general rule that wherever it appears from the declaration that the wrong parties have sued, or that the party sueing has no right in law to sue, the defendant may demur ; so may the defendant if an objection appear on the pleadings as to his own liability, because in effect the demurrer, when general, puts in issue the law of the case and refers it to the court for determination. Mansel on Demurrer, p. 5, citing 5 Mod. 132: Co. *373 Litt. 71 b. If there be two parties liable on an indenture, and one be dead, his death ought to be averred in the declaration, or demurrer lies. With equal reason it must apply where the party sued is not liable at all, as Robertson is not in the present case, so for as the pleadings develop the case to us. Of course, where profert of the deed is made, and required to be made, oyer of it makes the same part of the plaintiff’s count, and for the purposes of pleading it becomes the same thing as if set out in the declaration in hcec verba. We think the general demurrer in this case was also properly sustained, and the motions in both cases are refused. •
O’Neall, J. Evans, J. and Frost, J. concurred.